IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINCOLN E. FOX, | ) | CASE NO. 3:15 CV 2542 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| NEIL TURNER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Lincoln E. Fox for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Fox was convicted by a Franklin County Court of Common Pleas jury in 2013 of rape and gross sexual imposition[3] and is serving a life term without the possibility for parole.[4] He is currently incarcerated at the North Central Correctional Institution in Marion, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge John R. Adams by non-document order dated December 17, 2015.

[2] ECF # 1.

[3] *Id*. at 1-2.

[4] *Id* at 1.

[5] http://www.drc.state.oh.us/OffenderSearch

Fox raises four grounds for habeas relief.[6] The State has filed a return of the writ arguing that the petition should be dismissed because all four grounds are procedurally defaulted.[7] Fox has filed a traverse.[8]

For the reasons that follow, I will recommend Fox's petition be dismissed as procedurally defaulted.

## Facts

**A.  Underlying facts, conviction, and sentence**

The facts that follow come from the decision of the appeals court.[9]

Fox was married to a woman who had a daughter, J.H.[10] From 2006-2011, Fox engaged in sexual activity with J.H.[11] After J.H. disclosed Fox's conduct to a friend and a school counselor, he was charged with 33 counts of rape and gross sexual imposition ("GSI").[12]

---

[6] ECF # 1.

[7] ECF # 8.

[8] ECF # 12.

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF 8, Attachment 1 at 107.

[11] *Id*.

[12] *Id*.

A jury trial commenced in October 2013.[13] During the course of trial, the State of Ohio dismissed several counts of rape and GSI.[14] The jury returned a verdict of guilty as to four counts of rape and thirteen counts of GSI, and not guilty as to one count of rape and two counts of GSI.[15] On December 2, 2013, the trial court found Fox to be a sexual predator, and sentenced him to life in prison without parole.[16]

**B.     Direct Appeal**

*1.     Ohio Court of Appeals*

Fox, through counsel, filed a timely[17] notice of appeal[18] with the Ohio Court of Appeals. In his brief, Fox asserted three assignments of error:

1. The trial court erred when it admitted over objection the video-taped statement of J.H. that was taken by the social worker Westgate in violation of Ohio Evid. R. 803(4) thereby denying appellant of his right to a fair trial under the Ohio and Federal Constitutions.

2. The trial court erred when it entered a judgment against the appellant when the evidence was insufficient to sustain a conviction and was not supported by the manifest weight of the evidence.

---

[13] *Id*. at 108.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). Fox's conviction and sentence were journalized on December 2, 2013 (*id.* at 38) and the notice of appeal was filed on December 13, 2013. *Id.* at 44.

[18] *Id.*

-3-

> 3. The trial court deprived appellant of his state and federal constitutional rights to due process and a fair trial when it allowed Nurse Horner to testify as to the veracity of the child witness in this matter.[19]

The state filed a brief in response.[20] The Ohio appeals court overruled all three assignments of error and affirmed the decision of the trial court.[21]

## 2. *Delayed appeal to The Supreme Court of Ohio*

Fox, *pro se*, failed to file a timely[22] notice of appeal with the Ohio Supreme Court. But, on January 7, 2015, Fox filed a notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court.[23] In his memorandum, Fox argued that his appeal was untimely because his appellate counsel had informed him that he had "approximately 45 days from the date of this decision (i.e. December 18, 2014) to file a Memorandum in Support of Jurisdiction in the Ohio Supreme Court."[24] Regardless, Fox states that he deposited his notice of appeal and memorandum in support of jurisdiction in the North Central

---

[19] *Id*. at 53-54.

[20] *Id.* at 80.

[21] *Id.* at 105.

[22] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). Here, the appellate judgment was entered on October 16, 2014, thus the notice of appeal to the Supreme Court was due on December 1, 2014.

[23] ECF # 8, Attachment 1 at 120-122.

[24] *Id*. at 123.

Correctional Complex mailing system on November 25, 2014 and thus was timely.[25] The Supreme Court of Ohio denied Fox's motion for leave to file a delayed appeal and dismissed the case.[26]

### 3.     *Ohio Appellate Rule 26(B) Application to Reopen Appeal*

On January 9, 2015, Fox, *pro se*, filed an Ohio Appellate Rule 26(B) application to reopen his appeal in the Tenth District Court of Appeals.[27] In his Rule 26(B) application, Fox asserted the following three assignments of error:

1. Fox's appellate counsel was ineffective in first not pointing out the invited error and plain error pursuant to Crim.R. 52(B) committed by trial counsel, who acted more like the prosecution, not defense counsel, in inviting both the social worker and then a nurse practitioner to attest to the truthfulness of the child witness at the case at bar. This deficient trial counsel performance cost defendant his criminal trial.

2. Fox's appellate counsel violated App.R. 16(A)(7) which says an appellate brief must include the "contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." By not citing to the record, appellate counsel lost Fox's appeal.

3. Fox's appellate counsel violated App.R. 12(A)(2) which says "[t]he court may disregard and assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based." By failing to identify where in the record

---

[25] *Id*.

[26] *Id*. at 143.

[27] *Id*. at 144.

the alleged assignments of error were located. Fox's appellate counsel guaranteed the failure of Fox's appeal.[28]

The State filed a memorandum in opposition.[29] On March 31, 2015, the appellate court denied Fox's application to reopen.[30] The record does not indicate that Fox filed an appeal to the Supreme Court of Ohio.

### C. Petition for writ of habeas corpus

On December 9, 2015, Fox, *pro se*, timely filed[31] a federal petition for habeas relief.[32] As noted above, he raises four grounds for relief:

> **GROUND ONE:** The trial court erred in admitting over objection the videotaped statement of J.H. taken by social worker Westgate in violation of OH Evid.R. 803(4) denying petitioner his right to a fair trial under VIII Amendment of the U.S. Constitution.
>
> Supporting Facts: Social worker Westgate was not taking a statement for medical diagnosis or treatment under OH Evid.R 803(4), & therefore the trial judge abused his discretion in allowing this hearsay into trial, violating petitioner's right to a fair trial under VIII Amendment of the U.S. Constitution. The videotape was made by the police to be played at trial, & there was no medical diagnosis or treatment purposes here.

---

[28] *Id*. at 145.

[29] *Id*. at 146.

[30] *Id*. at 154.

[31] The present petition for federal habeas relief was filed on December 9, 2015. ECF # 1. As such, it was filed within one year of the conclusion of Fox's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[32] ECF # 1.

|  |  |
|---|---|
|  | The statements introduced at trial were meant to appeal to the passion and prejudice the jury and there was no medical diagnosis or treatment issues here, which denied petitioner a fair trial under VIII Amendment of the U.S. Constitution.[33] |
| **GROUND TWO:** | The trial court erred when it entered a judgment of conviction against Petitioner against the sufficiency of the evidence denying Petitioner his right to due process of law under XIV Amendment of the U.S. Constitution. |
| Supporting facts: | The only evidence presented in this case is the testimony of the alleged victim, the hearsay testimony of others as to the truthfulness of the victim, and a physical examination that found no evidence of sexual abuse. The alleged victim gives no specificity to these alleged crimes stretching over a 5 year 9 month period. This court should recognize the plain error of having to come up with a 5 year 9 month alibi to defend against these allegations. No rational trier of fact or reasonable minds could ahve [sic] come up with the jury's mixed verdict of not guilty as one count of rape and 2 counts of gross sexual imposition, but at the same time, guilty of 4 counts of rape and 13 counts of gross sexual imposition. For all of these errors cited, and because the insufficiency of the evidence in this case, Petitioner was denied his right to due process of law under XIV Amendment of the U.S. Constitution.[34] |
| **GROUND THREE:** | The trial court erred by allowing Nurse Horner to testify as to the veracity of the child witness denying Petitioner his right to due process of law under XIV Amendment of the U.S. Constitution. |

---

[33] *Id*. at 5.

[34] *Id*. at 7.

| | |
|---|---|
| Supporting Facts: | Nurse Horner testified that the alleged victim in this case, "gave a good consistent spontaneous history of sexual abuse in the forensic history. (Tr. Vol., 595-596). Trial counsel invited error by asking this witness if her diagnosis was based upon this history given by the alleged victim. This goes against the Ohio court rules that prohibit a witness from testifying as to the truthfulness of a child witness. The Court of Appeals played word gymnastics to justify this illegal commentary on the truthfulness of the child witness. This illegal commentary denied Petitioner his right to due process of law under XIV Amendment of the U.S. Constitution.[35] |
| **GROUND FOUR:** | The ineffective assistance of petitioner's trial and appellate counsel violated his right to effective assistance of counsel under VI Amendment of the U.S. Constitution. |
| Supporting Facts: | Trial counsel functioned more like the prosecution than defense counsel in inviting error by having both the nurse and social worker testify to the truthfulness of the child witness. This ineffectiveness was compounded by appellate counsel who violated the Ohio Rules of Appellate Procedure by failing to cite the record and thereby doomed Petitioner's chances of winning his appeal.[36] |

---

[35] *Id*. at 8.

[36] *Id*. at 10.

## Analysis

**A.  Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Fox is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[37]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[38]

3. In addition, Fox states,[39] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[40]

4. Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[41]

5. Finally, Fox is not represented by counsel, nor has he requested the appointment of counsel,[42] But, in his traverse, he has requested an evidentiary hearing to develop the factual bases of his claims.[43]

---

[37] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[38] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[39] *See*, ECF # 1 at 12.

[40] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[41] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[42] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[43] 28 U.S.C. § 2254(e)(2); *see*, ECF #12 at 7.

**B.     Standard of review**

*1.     Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[44] Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[45] The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[46] This requires a petitioner to go through "one complete round" of the state's appellate review process,[47] presenting his or her claim to "*each* appropriate state court."[48] A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[49]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test

---

[44] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[45] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[46] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[47] *Boerckel*, 526 U.S. at 845.

[48] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[49] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

determine whether the claim is procedurally defaulted.[50] A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[51]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[52]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[53]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[54] that is both 'firmly established and regularly followed.'"[55]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[56]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural

---

[50] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[51] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[52] *Id.* (citing *Maupin*, 785 F.2d at 138).

[53] *Id.*

[54] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[55] *Id.* (citation omitted).

[56] *Id.* (quoting *Coleman*, 501 U.S. at 750).

rule."[57] In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[58]

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[59]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[60]

## C. Application of standard

All four of the claims here should be dismissed as procedurally defaulted. But, because the circumstances giving rise to the default are different as to different groups of claims, the separate circumstances will be considered individually. Furthermore, Fox's request for an evidentiary hearing, made in his traverse, should be denied.

---

[57] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[58] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[59] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[60] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

### *1.      Grounds One, Two and Three*

In these grounds Fox contends that the trial court improperly admitted the videotaped statement of the minor victim (Ground One), that the evidence was insufficient to sustain his conviction (Ground Two), and that the trial court erred when it permitted a nurse to testify as to the veracity of the minor victim (Ground Three).  As noted above, Fox raised these three claims to the Ohio appeals court in the direct appeal.[61]   But, as also noted above, Fox did not timely appeal the decision of the state appellate court to the Supreme Court of Ohio, but instead submitted a motion to file a delayed appeal,[62] which the Court denied.[63]

As the State observes,[64] and as Fox does not deny in his traverse, the requirement that an appeal to the Supreme Court of Ohio be filed within 45 days of entry of the judgment being appealed is an adequate and independent state procedural rule[65] that Fox failed to follow.  Further, because the Ohio Supreme Court is presumed to rely on its own rule in deciding to reject Fox's  motion for an untimely appeal,[66] the resulting procedural default forecloses federal habeas review of these claims.[67]

---

[61] *See*, ECF # 8-1 at 53-54.

[62] *Id*. at 120-22.

[63] *Id.* at 143.

[64] ECF # 8 at 24.

[65] *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

[66] *Id*. (citation omitted).

[67] *Id*.

In his motion for leave to file a delayed appeal Fox argued that any delay in timely submitting a direct appeal resulted from the prison mail system's failure to forward an otherwise timely notice of appeal to the Supreme Court in November, 2014 by the date required.[68] Specifically, he asserted that he submitted his material to the prison mail system on November 25, 2014, or five days before it was due at the Supreme Court on November 30, 2014.[69]

The Sixth Circuit has held that cause to excuse a late filing exists when a prisoner gives his appellate material to the state prison mail system five or six days before the deadline.[70] But, unlike *Maples*, this record contains no evidence suggesting that prison officials did not act promptly in mailing any of Fox's materials.[71] Indeed, as the district court observed in *Lee v. Davis*,[72] a "showing of cause by a habeas petitioner requires more than 'the mere proffer of an excuse.'"[73] Rather, the petitioner "must present affirmative evidence or argument as to the precise cause and the prejudice produced."[74]

---

[68] ECF # 8-1 at 123.

[69] *Id*.

[70] *Henderson v. Palmer,* 730 F.3d 554, 560 (6th Cir. 2013)(citing *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003).

[71] *Donnal v. Sheets*, No. 3:08 CV 932, 2009 WL 3126404, at * 3 (N.D. Ohio Sep. 24, 2009).

[72] *Lee v. Davis*, No. 07-13782-BC, 2010 WL 3070060 (E.D. Mich. Aug. 3, 2010).

[73] *Id*. at * 3 (quoting *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[74] *Id*. (citing *Lundgren*, 440 F.3d at 764).

In this case, beyond his own assertion to the Ohio Supreme Court in connection with the motion to file a delayed appeal,[75] Fox has here produced no evidence that he actually submitted any appellate filing to the prison mail system on November 25, 2014, such as a cash withdrawal slip for the amount of the postage,[76] or even a copy of any communication from the Supreme Court of Ohio acknowledging receipt of an earlier submission by Fox but rejecting it as untimely.[77] In fact, as the State points out, the prison has no record of Fox sending any legal material to the Supreme Court of Ohio before the submission of his motion for a delayed appeal on January 5, 2015.[78]

Accordingly, Fox has not established cause to excuse the procedural default arising from his failure to timely appeal to the Supreme Court of Ohio from the judgment in his direct appeal to the Ohio appeals court. Grounds One, Two and Three of this present petition should be dismissed as procedurally defaulted.

---

[75] ECF # 8-1 at 127.

[76] *See, Mackey v. Warden*, No. 2:15-CV-405, 2016 WL 3165951, at * 4 (S.D. Ohio June 7, 2016).

[77] *See, Nethers v. Sheldon*, No. 2:09-CV-324, 2010 WL 4513816, at * 6 (S.D. Ohio October 28, 2010).

[78] ECF # 8-1 at 198. I further note in this regard that Fox himself in his seven page traverse (ECF # 12) did not address the issue procedural default at all, nor submit any evidence of an earlier submission to the Supreme Court of Ohio, despite being on notice that the State was raising this issue and further raising the point that Fox had submitted no evidence of any earlier rejected notice of appeal with the Supreme Court of Ohio. *See*, ECF # 8 at 25-26.

*2.  Ground Four*

In the fourth ground for federal habeas relief, Fox contends that his trial counsel - attorneys M. Shawn Dingus and Michael Guluzian[79] - "invit[ed] error by having both the nurse and the social worker testify as to the truthfulness of the child witness."[80]

Yet, despite the fact that the factual predicate of this claim was apparent on the record of the trial, and despite the fact that Fox was represented by a different attorney - W. Joseph Edwards[81] - for his appeal to the Ohio appellate court, the arguments as to the testimony of the nurse and the social worker were framed as errors by the court, and not counsel.[82] In fact, in his brief in support of the assignments of error Fox, through attorney Edwards, actually states that it was "over the defense's objection" that the trial court permitted the jury to watch a videotape of the social worker's interview with the victim,[83] and that although the defense did not object to the questions directed to the nurse, it did object to the answers.[84] Moreover, the appellate brief also recounts that trial counsel twice moved to strike the testimony of the

---

[79] *See*, ECF # 8-1 at 38.

[80] ECF # 1 at 10.

[81] ECF # 8-1 at 44.

[82] *Id*. at 56.

[83] *Id*. at 62.

[84] *Id*. at 63.

nurse,[85] the last time specifically for the reason that such testimony was "based completely on her [the nurse's] believe [*sic*] as to the child's veracity in violation of Ohio law."[86]

Thus, it is clear from the record on appeal that this issue as to the testimony of the social worker and the nurse were known to be important matters for appeal, but the issues were framed by facts directly absolving the trial attorneys of any fault in somehow failing to properly present the issue at trial.

That said, Fox, acting *pro se* in his Rule 26(B) application, argues that appellate counsel was ineffective for not charging trial counsel with ineffectiveness by somehow "inviting" both the social worker and the nurse to improperly testify as to the veracity of the victim.[87] But, Fox does not quote any portion of the trial transcript to demonstrate how counsel who had specifically objected to this testimony and twice asked that it be stricken had "invited" that very testimony.

More importantly, even if Fox could somehow present a claim of ineffective assistance of trial counsel - which was not asserted at the first opportunity in the direct appeal - by re-framing the issue as a failure of appellate counsel to properly understand and argue what happened at trial, Fox procedurally defaulted any claim made in the Rule 26(B) application when he failed to appeal to the Ohio Supreme Court after his 26(B) application

---

[85] *Id*. at 63, 64.

[86] *Id*. at 64.

[87] *Id*. at 145.

-17-

was denied by the Ohio appeals court. In particular, the Ohio Supreme Court Rule of Practice 7.01 (A)(4)(c) specifically does not permit delayed appeals in 26(B) proceedings.

As in the earlier instance, there is nothing in Fox's briefing or in the record that would serve to excuse this default. Further, Fox has not asserted - or shown - he is actually innocent.

Accordingly, Ground Four should be dismissed as procedurally defaulted.

### 3.     *Request for evidentiary hearing*

As noted, Fox made a request for an evidentiary hearing in his traverse. Given that the petition itself, as explained above, is procedurally defaulted and should be dismissed, the motion or request for an evidentiary hearing should be likewise dismissed. Additionally, "the federal habeas court does not err in declining to address such issues as are newly asserted in the traverse."[88]

## Conclusion

For the reasons stated, I recommend that the habeas petition of Lincoln Fox be dismissed as procedurally defaulted, and any request for an evidentiary hearing be likewise denied.

Dated: March 17, 2017                                     s/ William H. Baughman, Jr.
                                                                         United States Magistrate Judge

---

[88] *Alt v. Eppinger*, 1:14 CV 100, 2015 WL 3489867, at * 6 (N.D. Ohio June 2, 2015)(citing *Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005))

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[89]

---

[89] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).